UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN LONGMIRE, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>v.<br><br>HMS HOST USA, INC., a Delaware corporation; HOST INTERNATIONAL, INC., a Delaware corporation; ROBIN LONG, an individual; and DOES 1 through 10, inclusive,<br><br>Defendant. | Civil No. 12cv2203 AJB (DHB)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT<br><br>(Doc. Nos. 5 and 9) |

Presently before the Court is Plaintiff Vivian Longmire's ("Plaintiff") motion to remand, (Doc. No. 9), and Defendants HMS Host USA, Inc., Host International, Inc., and Robin Long (collectively, "Defendants"), motion to dismiss, (Doc. No. 5). In accordance with Civil Local Rule 7.1.d.1, the Court finds both motions suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for November 30, 2012, with respect to the motion to remand, and the motion hearing scheduled for January 18, 2012, with respect to the motion to dismiss, are hereby vacated. For the reasons set below, the Court **GRANTS** Plaintiff's motion to remand and remands this action to San Diego Superior Court. (Doc. No. 9.) Therefore, the Court **DENIES AS MOOT** Defendants' motion to dismiss. (Doc. No. 5.)

### *Background*

On August 9, 2012, Plaintiff brought this representative action on behalf of herself and other current and former employees, alleging violations of the California Labor Code.[1] The basis of Plaintiff's Class Action Complaint ("Complaint") in San Diego Superior Court concern the following allegations. (*See* Compl., Ex. 1, ¶ 31.)  Plaintiff was employed as a non-exempt hourly Customer Service Representative at Defendants' San Diego, California airport location from January 2011 to December 2011.  (*See Id.*, Ex. 1, ¶ 31.)  During this time, Plaintiff's alleges Defendants (1) willfully failed to pay Plaintiff and other class members their earned wages—including missed meal and rest period premiums—in violation of California Labor Code §§ 201, 202 (Wages not timely paid upon termination) (Compl., ¶ 49, 50); (2) intentionally failed to provide employees with complete and accurate wage statements, in violation of California Labor Code § 226(a) (Non-compliant wage statements) (Compl., ¶ 55); (3) violated numerous provisions of California Labor Code §§ 2698, *et seq.* ("PAGA") (Compl., ¶ 68); and (4) violated California Business & Professions Code §§ 17200, *et seq*. ("UCL") by engaging in unlawful, unfair, and/or fraudulent conduct (Compl., ¶ 73).

Plaintiff's Complaint seeks to represent a class of "[a]ll non-exempt or hourly paid employees, excluding supervisors, who worked for Defendants at their San Diego, California airport location within four years prior to the filing of this complaint until the date of certification." (Compl., ¶ 18.)  Plaintiff also seeks to represent a subclass of "[a]ll non-exempt or hourly paid employees, excluding supervisors, who worked for Defendants at their San Diego, California airport location within one year prior to the filing of this complaint until the date of certification."  (Compl., ¶ 19.)

On September 11, 2012, Defendants removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a), or alternatively, that the court had subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Doc. No. 1.)  Subsequently, on September 18, 2012, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) under the "first-to-file" rule, and failure to state a claim under Rule 8.  (Doc. No. 5.)  Plaintiff

---

[1] The action was brought as a class action and under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698–2699.

filed an opposition to Defendants' motion on October 9, 2012, (Doc. No. 8), and on October 23, 2012, Defendants filed a reply, (Doc. No. 12).

While the motion to dismiss was pending, Plaintiff filed a motion to remand. (Doc. No. 9.) Plaintiff alleged Defendants failed to establish complete diversity, or alternatively, that Defendants failed to satisfy their burden to prove jurisdiction under CAFA was proper, thus depriving the court of subject matter jurisdiction.[2] (*Id.*) On November 1, 2012, Defendants filed an opposition, (Doc. No. 15), and on November 15, 2012, Plaintiff filed a reply, (Doc. No. 17). Both motions are currently pending before the Court.

### *Legal Standards*

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a) and (b); 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a). *See also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir.1988). "[J]urisdiction in a diversity case is determined at the time of removal." *Am. Dental Indus., Inc. v. EAX Worldwide, Inc.*, 228 F. Supp. 2d 1155, 1157 (D. Or. 2002) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ("The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction . . . Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction")).

As amended by CAFA, 28 U.S.C. § 1332(d) also vests district courts with "original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which the aggregate number of proposed plaintiffs is

---

[2] Timeliness of Plaintiff's motion to remand is not an issue. *See Borchers v. Standard Fire Ins. Co.*, 2010 WL 2608291, at * 1 (N.D. Cal. June 25, 2010) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). The Ninth Circuit has recently affirmed that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Lowdermilk v. U.S. Bank Ass'n,* 479 F.3d 994, 997 (9th Cir. 2007) (citing *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam)); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 2007 WL 601984 (9th Cir. 2007) (holding that the proponent of federal jurisdiction bears the burden of proving jurisdiction).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (citing *Nishimoto v. Federman–Bachrach & Assocs*., 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## *Discussion*

### I. Motion to Remand

Plaintiff alleges remand is proper because (1) Defendants have failed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is not complete diversity between the parties and the amount in controversy for each individual aggrieved employee does not exceed $75,000; and (2) Defendants have failed to establish jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), as they have not shown to a legal certainty that the class action damages are in excess of $5,000,000. (Doc. No. 9.) Plaintiff's allegations are based on the fact that Plaintiff is a resident of San Diego, California, (Compl., ¶ 7), Defendants HMS Host USA, Inc. and Host International, Inc. (collectively "Host") are Delaware corporations doing business in California, (Compl., ¶ 8, 9.), and Defendant Robin Long ("Long"), the Director of Retail Operations at Host's San Diego airport location, where Plaintiff is employed, also resides in San Diego, California. (Compl., ¶ 10.) Defendants contend complete diversity exists because Defendant Long's citizenship can be disregarded, as she was fraudulently joined and is therefore a

"sham defendant;" and nonetheless, the Court has jurisdiction under CAFA. Each will be discussed in turn.

### A. Diversity Jurisdiction

Defendants first invoke the court's diversity jurisdiction over the individual claims. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties, i.e., all plaintiffs have a different citizenship than all defendants. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 n. 3, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996).; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

"An exception to the requirement for complete diversity exists, however, when a non-diverse defendant has been fraudulently joined for the purposes of defeating diversity jurisdiction." *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). "In that case, the district court may disregard a non-diverse party named in the state court complaint and retain jurisdiction if joinder of the non-diverse party is a sham or fraudulent." *Pasco v. Red Robin Gourmet Burgers, Inc.,* 2011 U.S. Dist. LEXIS 133613, *7 (E.D. Cal. Nov. 17, 2011).

### 1. Complete Diversity and Fraudulent Joinder

Plaintiff argues complete diversity is lacking because both Plaintiff and Defendant Long are citizens of California. To combat this defect in their notice of removal, Defendants proffer a "fraudulent joinder" theory, asserting Defendant Long's citizenship should be disregarded for purposes of diversity because the Complaint is insufficient to state a cause of action against Long under federal pleading requirements. (Doc. No. 15, p. 2.) The Court finds Defendant's misunderstanding of their burden under the "fraudulent joinder" theory fatal to Defendants' argument.

"Fraudulent joinder is a term of art" and does not require an ill motive. *McCabe,* 811 F.2d at 1339. The Court need not find that the joinder was for the purpose of preventing removal in order to find that fraudulent joinder occurred. *Briano v. Conseco Life Ins. Co.,* 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000). Instead, joinder is deemed fraudulent if the plaintiff fails to state a cause of action against the non-diverse defendant, and "that failure is obvious according to the well-settled rules of the

state." *Nasrawi v. Buck Consultants, LLC,* 776 F. Supp. 2d 1166, 1175 (E.D. Cal. 2011); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe,* 811 F.2d at 1339. This requires the court to find that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Briano,* 126 F. Supp. 2d at 1296; *Hunter v. Phillip Morris,* 582 F.3d 1039, 1044-46 (9th Cir. 2009) (quoting *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1299 (11th Cir. 2007) (diversity jurisdiction is lacking "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint"); *Tillman v. R.J. Reynolds Tobacco,* 340 F.3d 1277, 1279 (11th Cir. 2003) (diversity jurisdiction is lacking "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants."). Accordingly, a non-diverse defendant is only deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Nasrawi,* 776 F. Supp. at 1169-70 (citing *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989)).

In making this determination, "[t]he court's job is not to determine whether the plaintiff will actually or even probably prevail on [the] merits of his claim, but rather to evaluate whether there is any possibility plaintiff may do so." *Archuleta v. Am. Airlines, Inc.,* 2000 U.S. Dist. LEXIS 21076, at *17, 2000 WL 35717132 (C.D. Cal. May 8, 2000). Courts generally disfavor the doctrine of fraudulent joinder and any ambiguity of law or fact must be resolved in favor of remand. *Bear Valley Family, L.P. v. Bank Midwest, N.A.,* 2010 U.S. Dist. LEXIS 93460, at *7, 2010 WL 3369600 (C.D. Cal. Aug. 23, 2010). The party asserting diversity jurisdiction bears the burden of proving fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007). Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Burris v. AT&T Wireless, Inc.,* 2006 WL 2038040, at *2 (N.D. Cal. 2006).

Here, Defendants fail to meet their burden of proving fraudulent joinder. Plaintiff's Complaint makes specific allegations regarding Defendant Long's conduct and incorporates them into each cause of action. Contrary to Defendants' contentions, the Complaint defines the collective term "Defendants"

to include Defendant Long, and the various allegations made with respect to "Defendants" are attributable to Long. (Compl., ¶ 13.) Specifically, Plaintiff alleges that Long was a "person acting on behalf of an employer" pursuant to California Labor Code section 558 and PAGA, and asserts that Defendant Long failed to provide class members with timely meal breaks and rest breaks, and did not pay the statutorily required break premiums. (*See* Compl., ¶¶ 63-64.) Accordingly, if these allegations are taken as Plaintiff argues, Defendant Long would be liable for civil penalties under Section 558.

Plaintiff contends this case is similar to *Vigil v. HMS Host USA, Inc.*, wherein the court found the Plaintiff alleged enough facts to support claims against the individual defendant under Labor Code section 558, thus defeating the "sham defendant" argument. 2012 U.S. Dist. LEXIS 112928, *10-11 (N.D. Cal. Aug. 10, 2012) (finding that where plaintiff's complaint collectively referred to the corporation and the individual defendants as "defendants" and included specific factual allegations against all defendants, plaintiff had alleged enough facts to defeat a fraudulent joinder theory). Defendants argue *Vigil* is inapposite to the present action. (Doc. No. 15, p. 5:11-17.) Defendants draw the distinction that in *Vigil,* the individual defendant was alleged to be a store manager, and the complaint contained allegations regarding the actions of "restaurant managers." (*Id.*) Here however, Defendant Long is only alleged to be the Director of Retail Operations for Host and never alleged to be the manager of a store or restaurant. (*Id.*) Thus, Defendants' argue Plaintiff's allegations that Long was a "person acting on behalf of an employer," pursuant to Section 558 are insufficient. (Compl., ¶ 10.)

Although Defendants raise a meritorious argument, the Court finds *Jeske v. Maxim Healthcare Services, Inc.* on point. 2012 WL 78242 (E.D. Cal. Jan. 10, 2012). In *Jeske*, the plaintiff filed an action in federal court alleging PAGA claims, UCL claims, class claims, fraud, and PAGA violations against individual defendants. *Id*. at *3-21. The individual defendants moved to dismiss the complaint for failure to allege facts that they were "responsible for the working conditions of all aggrieved employees," arguing the complaint failed to state more than that they were the "managing agents" of the employer and "exercised control over the wages of employees." *Id*. Although the court inevitably granted defendants' motion to dismiss, and rejected plaintiff's argument that Section 558 is broad enough to cover all allegations regarding any individuals working on behalf of an employer, the Court granted Plaintiff leave to amend her complaint to state a claim against the individual defendants. *Id.*

Here, Plaintiff concedes that Long was not her direct supervisor, as Long was the Director of Retail Operations and Plaintiff was employed in the Food and Beverages Concessions Department, not the Retail Department. (Doc. No. 17 at 4.) Nevertheless, Plaintiff's Complaint raises class claims and representative PAGA claims on behalf of all non-exempt employees at the San Diego Airport, which include employees in the Retail Department. (*Id*.) *See Cardenas v. McLane Foodservice*, *Inc*., 2011 WL 379413, at *3 (C.D. Cal. Jan. 31, 2011) (holding that "[s]ince PAGA plaintiffs neither represent the rights of a class nor recover damages, a PAGA claim neither purports to be a class action nor intends to accomplish the goals of a class action. It is not brought 'on behalf of all [class] members,' so it [ ] does not fall under the terms of Rule 23). Therefore, although Plaintiff's class claims currently fail to state a cause of action against Defendant Long, Defendants have made no argument that any deficiencies are incurable by amendment. *See Cashcall, Inc. v. Super. Ct.* (2008) 159 Cal. App. 4th 273, 284-85 ("Should the [trial] court conclude that the named plaintiffs may not adequately represent the class, it should afford them an opportunity to amend their complaint to redefine the class or to add new individual plaintiffs."). Accordingly, Defendants are unable to meet their "heavy burden of showing that there is no possibility that Plaintiff will be able to establish a cause of action in state court" against Defendant Long.[3]  *Vigil,* 2012 U.S. Dist. LEXIS 112928, at *11. *See also Dickinson v. Allstate Ins. Co.,* 2010 U.S. Dist. LEXIS 11404, *1-2 (C.D. Cal. 2010) (a defendant arguing for fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant; instead, he must show that the plaintiff "would not be afforded leave to amend his complaint to cure the purported deficiency").

**B.     Jurisdiction Under CAFA**

Alternatively, Defendants argue this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Section 1332(d) "vests district courts with original jurisdiction of any civil action in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." 28

---

[3] Because Defendants fail to prove fraudulent joinder, the Court need not reach the issue of whether Plaintiff's PAGA claims should be aggregated with those of other former and current Host employees on whose behalf she is suing.

U.S.C. § 1332(d); *Lowdermilk,* 479 F.3d at 997. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. Whether the jurisdictional amount has been met must be pled by the defendant to a legal certainty or by a preponderance of the evidence. *See Lewis v. Verizon Commc'n, Inc*., 627 F.3d 395, 397 (9th Cir. 2010).

### 1.     **Legal Certainty Standard Applies**

Plaintiff does not contest that minimal diversity is met, but alleges that because Plaintiff's state court Complaint pled damages less than $5,000,000, Defendants must prove to a "legal certainty" that CAFA's jurisdiction minimum amount is met. *See Roth v. Comerica Bank,* 799 F. Supp. 2d 1107, 1116 (C.D. Cal. 2010) (stating that where plaintiff alleges that his damages are less than the [$5,000,000] jurisdictional amount, "the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met.") (internal quotations omitted). Defendants counter, stating the preponderance of the evidence standard should apply because the face of the Complaint is unclear or ambiguous as to whether the requisite amount in controversy has been pled. (Doc. No. 15, p. 11:22-24). *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). The Court is not inclined to agree.

Here, the Complaint specifically states that the total amount in controversy Plaintiff seeks is less than $5,000,000.00. (Compl., ¶ 1.) Therefore, the Court finds the legal certainty standard applies in this action.[4] Under the legal certainty standard, Defendants "must establish the amount in controversy to a legal certainty that is based on concrete evidence." *Cifuentes v. Red Robin Int'l, Inc.,* No. C-11-5635-EMC, 2012 U.S. Dist. LEXIS 27211, *14 (C.D. Cal. Mar. 1, 2012) (citing *Lowdermilk,* 479 F.3d at 1001). To make this determination, a court may not base its jurisdiction on speculation or conjecture. *Lowdermilk,* 479 F.3d at 1002. Rather, the court must consider "summary-judgment-type" evidence from the removing defendants to support their claims regarding the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997). Here, as exemplified below, Defendants fail to show to a legal certainty that the amount in controversy, which includes waiting time

---

[4] Defendants argue that the legal certainty standard does not apply because Plaintiff's Complaint "reserves the right to seek a larger amount based upon new and different information resulting from investigation and discovery." (Doc. No. 15, p. 11:25-12:3.) The Court finds this argument unpersuasive.

penalties, non-compliant wage statement penalties, PAGA civil penalties, damages for violation of the UCL, and attorneys' fees, exceeds $5,000,000.00, because each of Defendants' calculations are speculative and based on conjecture.

### 2. Waiting Time Penalties

Plaintiff's first cause of action alleges "Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants all their earned wages, including, but not limited to, overtime wages, minimum wages, and missed meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ." (Compl., ¶ 49.) Based on these assertions, Defendants calculate they are allegedly liable for $1,332,297.00 (548 employees x 8 hours x 30 days x $10.13 average wage). (Removal, ¶ 30.) Defendants base these calculations on the assumption that all members of the proposed class that separated from employment during the statutory time period are entitled to waiting time penalties, and that each class member is entitled to the maximum amount of penalties. (*Id.*) Although the Court can reasonably draw the inference that each class member suffered some form of Labor Code violation at some point during his or her employment, and was thus entitled to waiting time penalties, the Court is unwilling to infer a maximum penalty for each plaintiff. *See Roth v. Comerica Bank,* 799 F. Supp. 2d 1107, 1125-26 (C.D. Cal. 2010) (finding although defendants could properly assume that all employees were entitled to waiting time penalties, plaintiff's allegations did not facially suggest violations 100 percent of the time, nor did they suggest a maximum penalty for each plaintiff).

Moreover, Defendants' assumption that each employee is entitled to recover the full thirty-day maximum penalty has no basis in the allegations of the Complaint or the proof submitted by Defendants. Specifically, Defendants' citation to paragraphs in the Complaint alleging class members' entitlement to wages "up to a maximum of 30 days" is unavailing, as Plaintiff alleges that class members may be entitled to penalties for "up to" the thirty day maximum, not that each class member is entitled to the maximum penalty for all thirty days. (Doc. No. 15, p. 12:25-26; Compl., ¶ 52.) Thus, by using the words "up to," Plaintiff acknowledges that not all class members may be entitled to recover the maximum penalty. *See Hernandez v. Towne Park, Ltd.,* 2012 WL 2373372, *12 (C.D. Cal. June 22, 2012). Finally, Defendants' assumption also fails to recognize that they must show damages to a legal

certainty, and not simply by a preponderance of the evidence. Accordingly, the Court finds Defendants have not met their burden to show an amount in controversy for waiting time penalties to a legal certainty based on concrete evidence, and that this amount may not be included to establish jurisdiction under CAFA.

### 3. Non-Compliant Wage Statement Penalties

Plaintiff's Complaint also alleges that Defendants "intentionally and willfully failed to provide employees with complete and accurate wage statements." (Compl., ¶ 55.) Defendants claim that under the preponderance of the evidence standard, they are allowed to assume the $4,000 maximum aggregate penalty in determining whether the jurisdictional amount in controversy has been met. (Doc. No. 15, p. 13:25-27.) Based on this understanding, Defendants infer that each employee, within the one year statute of limitations, is entitled to the maximum aggregate penalty of $4,000. (Removal, ¶ 31.) This assumption, however, has no basis, either in the Complaint's plain language or in any summary-judgment type evidence. *See Hernandez,* 2012 WL 2373372, *14; *Fletcher v. Toro Co.,* No. 08-cv-2275 DMS (WMC), 2009 WL 8405058, at *9 (S.D. Cal. Feb. 3, 2009) (regarding wage statement penalties, "Defendant does not carry its burden by merely assuming maximum damages without providing supporting evidence"). Moreover, as stated above, the Court finds Defendants must prove damages to a legal certainty and not just by a preponderance of the evidence.

Defendants reliance on *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107 (C.D. Cal. 2010), for the proposition that when calculating damages under CAFA, every employee may have been provided an inaccurate wage statement for every pay-period during the one year statute of limitations, thus allowing for a 100 percent violation rate, is also misguided.[5] Under well established Ninth Circuit precedent, the removing party must provide evidence to a legal certainty to support its claim that all class members would be entitled to the maximum statutory damages. *Lowdermilk*, 479 F.3d at 1001 ("Defendant's numbers are weak for other reasons as well. Defendant assumes that all class members would be entitled to the maximum damages under Oregon law, but provides no evidence to support this assertion.").

---

[5] Based on *Roth*, Defendants argue the court "may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy is met." *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

Accordingly, Defendants fail to meet their burden of proof, and amounts relating to non-compliant wage statement penalties may not be included to establish jurisdiction under CAFA.

### 4. PAGA Civil Penalties

Additionally, Plaintiff's Complaint alleges Defendants are liable for civil penalties under PAGA. (Compl., ¶¶ 59-69.) Defendants calculate an amount in controversy for PAGA penalties of $5,159,200. (644 employees during the period covered by PAGA x $100 for each initial PAGA violation + 26,118 pay periods - 644 employees x $200 for each subsequent violation). (Removal, ¶ 32.) Defendants' calculation assumes the existence of a maximum number of violations for each employee, but does not cite to any allegations in the Complaint or any evidence that provides a factual basis. Therefore, as previously stated, the Court finds Defendants' PAGA calculations are based on mere speculation, and fail to satisfy the legal certainty standard. *Lowdermilk*, 479 F.3d at 1001. Accordingly, such amounts may not be included when computing the jurisdictional amount under CAFA.

### 5. Violation of California Business and Professions Code "UCL"

Plaintiff's final cause of action alleges that Defendants violated the UCL by engaging in unfair business acts and practices. (Compl., ¶ 72.) Plaintiff seeks restitution under this section for unpaid wages to Plaintiff and all class members. (Compl., ¶ 17.) However, Plaintiff's UCL claims are based on Plaintiff's PAGA claims. Thus, because Defendants fail to plead the amount in controversy to a legal certainty for the PAGA claims, the Court finds Defendants' allegations with respect to the UCL claims also fail.

Plaintiff also seeks to enjoin Defendants from committing future wage and hour infractions. (Compl., ¶ 74.) Defendants claim $10,243,030 for costs of complying with Plaintiff's request for injunctive relief. (Removal, ¶ 33.) Plaintiff relies on *Lopez v. Source Interlink Companies* for the contention that the cost of compliance with an injunction is not considered for amount in controversy analyses. 2012 U.S. Dist. LEXIS 44288, at *11-12 (E.D. Cal. Mar. 28, 2012). The Court is inclined to agree. Under *Lopez*, Plaintiff's injunction will not create costs associated with compliance because "if Plaintiff's allegations are true, Defendant is supposed to comply with state law regardless. Thus, the prospective costs of complying with the injunctive relief requested are incidental to that relief." *Id.* at

\*12. Accordingly, the Court finds Defendants' calculation of Plaintiff's damages lack evidentiary support and do not satisfy the legal certainty standard required to establish jurisdiction under CAFA. *Id.* ("the costs of injunctive relief properly considered for remand purposes are costs such as restitution of improperly withheld wages, and not the cost of merely complying with the law").

### 6. Attorneys' Fees

Defendants also contend any attorneys' fees expended by Plaintiff as a result of this litigation should also be included in establishing jurisdiction under CAFA. (Removal, ¶ 39.) Defendants estimate this amount to be $467,353. Defendants arrived at this amount based on a comparison to a similar case involving the same counsel currently representing Plaintiff. (Doc. No. 15, p. 15:16-17.) Although courts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA, here, such amount on its own would not satisfy Defendants' jurisdictional burden. *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). Thus, even if the Court found Defendants proved attorneys' fees to a legal certainty, the amount of $467,353 alone is not sufficient to exceed the minimum amount of $5,000,000 for jurisdiction under CAFA. *See Lopez*, 2012 U.S. Dist. LEXIS 44288, at \*5 ("Plaintiff disputes other components of the amounts listed above. It is not necessary to reach Plaintiff's arguments concerning the propriety of assuming maximum damages for certain claims, and the statute of limitations assumed by Defendant since the Court already finds that Defendant has not met its burden to show $5 million in controversy.").

### *Conclusion*

Accordingly, the Court finds Defendants have failed to prove this Court has jurisdiction over the present action based on diversity jurisdiction or pursuant to CAFA, and Plaintiff's motion to remand is **GRANTED**. (Doc. No. 9.) This action is hereby **REMANDED** to the San Diego County Superior Court and Defendants' motion to dismiss based on the "first-to-file" rule is **DENIED** as moot. (Doc. No. 5.)

IT IS SO ORDERED.

DATED: November 26, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge